# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Lindsey M. Arthurs,**
**Defendant Below, Petitioner**

**FILED**

**March 7, 2014**
released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 13-0089 (Monongalia County 10-C-743)**

**Eilene R. Pownell,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Lindsey M. Arthurs, defendant below, appeals from the order of the Circuit Court of Monongalia County entered December 13, 2012, that granted a new trial on damages.  The petitioner is represented by W. Gus Saines of McDermott & Bonenberger, PLLC.  The respondent, Eilene R. Pownell, is represented by Christopher M. Wilson.

This Court has considered the parties' briefs, the record presented upon appeal, the arguments of counsel and the applicable law. The facts and legal arguments are adequately presented.  Upon consideration of the standard of review, and the foregoing, the Court finds the circuit court committed reversible error because the circuit court abused its discretion in granting the respondent's motion for a new trial.   This case presents no new or significant questions of law.   Furthermore, for reasons set forth herein, this case satisfies the limited circumstances requirement of Rule 21(d) of the Rules of Appellate Procedure.   For these reasons, a memorandum decision is appropriate under Rule 21 of the Revised Rules of Appellate Procedure.

On October 15, 2009, at the entrance ramp to I-79 in Westover, Monongalia County, the car operated by the petitioner struck the rear of the car driven by the respondent.  At the time of the impact the respondent's car was stopped at the end of the entrance ramp because of heavy traffic.  The impact forced the respondent's car to travel out into the lanes of traffic, facing the oncoming traffic.  The respondent was taken by ambulance to Ruby Memorial Hospital where she was evaluated and treated.

Because the respondent's shoulder injury did not respond to non-surgical treatment, she underwent surgery on February 5, 2010.  As part of her recuperation from this surgery, the respondent participated in a prescribed physical therapy regiment.  Despite this surgery, the respondent continued to experience pain and limited range of motion in her arm, due to scar tissue that had formed following the surgery.  A second

1

surgery was performed on October 19, 2010, to remove this scar tissue and the adhesions that developed as a result of the first surgery.

The respondent filed suit in 2010. The petitioner denied that the respondent's shoulder injuries were a direct and proximate result of the automobile accident. The petitioner further argued that the respondent's own acts were comparatively negligent. Discovery was undertaken, and this matter was set for trial on June 27, 2012. In a pre-trial order entered on January 5, 2012, the circuit court noted that "the Defendant [petitioner herein] believes that the injuries alleged by the Plaintiff [respondent herein] may not be the result of the subject motor vehicle accident."

The respondent presented evidence that she had incurred special damages for treatment of her injuries in the amount of $62,236.21 and had lost wages in the amount of $5,710.43 for her time off from work recuperating from the two surgeries. The petitioner did not contest the reasonableness and necessity for the respondent's medical treatment, but argued that the respondent's injuries were the result of a pre-existing shoulder injury and not a direct and proximate result of the automobile accident. The petitioner and respondent each presented medical evidence that supported their contentions.

The case was submitted to the jury with no objection to the jury instructions. On June 28, 2012, the jury awarded the respondent $50,500.00, representing $38,000 in special damages for her medical care and lost wages, and $12,500 in general damages for pain, suffering, mental anguish and loss of enjoyment of life.[1] The jury also apportioned negligence to each party, finding the petitioner eighty percent responsible and the respondent twenty percent responsible for this automobile accident.

After trial, and pursuant to Rule 59 of the West Virginia Rules of Civil Procedure, the respondent moved for a new trial on damages, arguing that the jury did not award sufficient damages to fully compensate her for her losses. The petitioner objected, arguing that the jury had weighed the evidence and awarded that amount which was attributable to the accident. The circuit court ordered a new trial, finding that the jury verdict was insufficient. The order stated:

> The Court notes that even if the jury considered only the first surgery to be necessary and related to the accident, the medical specials and lost wages associated only with it amount to approximately $46,000—more than the $38,000 awarded by the jury. Importantly, the Defendant did not contest the amount of the medical bills or dispute Mrs. Pownell's lost wages related to the first surgery."

[1] The respondent's husband also asserted a claim for loss of service and companionship of his wife. The jury awarded him no damages.

The petitioner appealed this order.

In terms of our standard of review of the grant or denial of a new trial, we have held:

> This Court reviews the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. pt. 1, *The Burke-Parsons-Bowlby Corp. v. Rice*, 230 W. Va. 105, 736 S.E.2d 338 (2012).

Furthermore, in Syllabus point 5, *Orr v. Crowder*, 173, W. Va. 335, 315 S.E.2d 593 (1983), *cert. denied*, 469 U.S. 981, 105 S.Ct.384, 83 L.Ed.2d 319 (1984), we held:

> In determining whether there is sufficient evidence to support a jury verdict the court should: (1) consider the evidence most favorable to the prevailing party; (2) assume that all conflicts in the evidence were resolved by the jury in favor of the prevailing party; (3) assume as proved all facts which the prevailing party's evidence tends to prove; and (4) give to the prevailing party the benefit of all favorable inferences which reasonably may be drawn from the facts proved.

After carefully examining the trial record and evidence admitted before the jury, as well as the arguments of the parties at trial, we find that the evidence at trial reasonably supports the jury's verdict. While the petitioner did not contest the amount of the damages claimed by the respondent as being unreasonable or unnecessary, the petitioner did question throughout the trial whether the damages were the result of the accident. The circuit court's order appears to suggest that the petitioner acquiesced or agreed to the cost of the medical treatment and lost wages; however, we find that the petitioner argued that the damages sought were not the result of the accident.

These conflicting views of the necessity for the medical treatment as related to the accident were a matter for the jury to decide. The fact that the verdict was for less than the amount requested by the respondent does not render the verdict inadequate. The jury heard, weighed and analyzed the evidence and returned a verdict in favor of the

3

respondent, but for less than she sought. It was an abuse of the circuit court's discretion to grant a new trial on damages. For these reasons, the order of the Circuit Court of Monongalia County entered December 13, 2012, is reversed.

                                                                        Reversed.

**ISSUED:** March 7, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Margaret L. Workman
Justice Allen H. Loughry II

4